Edward C. Vierling, Jr. v. Commissioner.
Vierling v. Commissioner
Docket No. 1572-68.
United States Tax Court
T.C. Memo 1969-116; 1969 Tax Ct. Memo LEXIS 181; 28 T.C.M. (CCH) 612; T.C.M. (RIA) 69116; June 12, 1969, Filed. Edward C. Vierling, Jr., pro se, 130 Martin Rd., Pittsburgh, Pa. D. Alden Newland, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income taxes for the calendar year 1964 in the amount of $96.83. The issue for consideration is whether petitioner received any income as a result of his personal use of an automobile owned by his employer. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner Edward C. Vierling, Jr. (hereinafter sometimes referred *182 to as petitioner or Edward) resided at Pittsburgh, Pennsylvania, at the time his petition in the instant case was filed. He and his wife Edna T. Vierling (hereinafter referred to as Edna) filed their joint Federal income tax return for the calendar year 1964 with the district director of internal revenue at Pittsburgh, Pennsylvania. Edward alone is the petitioner herein. Throughout the taxable year petitioner was employed as a staff assistant with the Pittsburgh Coke and Chemical Company and was granted the unrestricted use of a 1961 Ford sedan furnished by such company. Edward used the car for commuting to and from work and during 1964 his personal commuting mileage totaled 2,880 miles. He also used the car on a personal vacation to Dearborn, Michigan, during the summer of 1964, traveling a minimum of 550 miles, on which trip he paid for the gasoline used by the car. His employer bore all of the car's insurance and inspection costs. In addition to the car supplied to him by Pittsburgh Coke, Edward owned and he and his wife operated a 1962 Chevrolet Corvair coupe for personal purposes during 1964. Opinion The substantive issue in the instant case is whether petitioner had income *183 arising out of his unrestricted use of a car supplied to him by his employer during the taxable year. It is stipulated that petitioner employed this car for his personal use during 1964 in commuting between his home and his employer's office, both in Pittsburgh. It is also stipulated that petitioner drove this car on his personal vacation during the summer of 1964. Thus, a minimum of 3,430 personal miles have been stipulated. Respondent has determined that this personal use represented income to petitioner in the amount of $413. Petitioner has introduced no evidence in derogation of this amount, and since it is clear that the personal use of an employerowned vehicle by a taxpayer gives rise to taxable income to him, and respondent's determination is presumptively correct, we uphold it. See ; , affd. (C.A. 1, 1965). Petitioner contends that respondent discriminated against him in the instant case by not similarly determining increased income against his fellow employees who also had the use of an employer-owned car. Petitioner did not name these individuals *184 or offer any evidence that such was the case other than his own hearsay testimony, and has thus failed to prove any discrimination. [1]
The record herein indicates that when Edna failed to petition respondent's 614 determination he attempted to assess and make demand upon her for the entire determined deficiency plus interest as is required by section 6213(c). [2] Because of computer error the resultant "Statement Of Tax Due On Federal Tax Return" was sent to Edward and Edna jointly. It showed the total determined deficiency of $96.83 plus interest of $18.72 and a "Balance Due" of $115.55. When respondent realized this error (attempted assessment of and demand upon Edward, whose *185 petition had been filed) he instructed the Regional Service Center (computer) to abate the entire assessment. At this point a second error occurred. The tax was abated but the interest was not, and a second notice and demand was sent to Edward and Edna jointly showing "Tax-Decrease Net Adjustment Credit" of $96.83, and "Balance Due" $18.72. Shortly thereafter Edward sent in his personal check for $18.72, payable to Internal Revenue Service, and it was cashed. Edward now urges that this comedy of errors operated to settle the instant case. We have no jurisdiction over payment and collection procedures or negotiations surrounding them, and consequently cannot consider Edward's contention. Section 6212 authorizes the determination of a deficiency and the sending of a notice thereof. Section 6213 provides that the taxpayer may then petition this Court for a redetermination of the deficiency, and this is the basis of our jurisdiction in the instant case. Section 6213 also provides that any amount paid as a tax or in respect of a tax after the mailing of the notice of deficiency may be assessed by the Commissioner, and we feel sure that petitioner will be allowed credit for his $18.72 *186 at the proper time. Section 6213 then provides that such payment shall not deprive this Court of jurisdiction over the determined deficiency without regard to such assessment. It is clear from the foregoing that our jurisdiction is not so extensive as to constitute us referees of "settlement negotiations." We have sustained respondent's determination, and Decision will be entered for the respondent. Footnotes
1. Even though petitioner has so failed, we observe that it is well settled that in the absence of a clear abuse of the Commissioner's discretionary power a taxpayer cannot use another taxpayer's favorable treatment as a defense against the Commissioner's determination of a deficiency against him. ; and cf. .↩
2. All references are to the Internal Revenue Code of 1954.↩